```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
LYDIA COTZ,                              :
                                                  05 Civ. 2991 (WCC)
                    Plaintiff,           :

        - against -                      :        OPINION
                                                  AND ORDER
DEBRA MASTROENI, et al.,                 :

                    Defendants.          :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        LYDIA COTZ, ESQ.
**Plaintiff Pro Se**
49 Mile Road
Suffern, New York 10901


RUTHERFORD & CHRISTIE, L.L.P.
**Attorneys for Defendants**
  **Debra Mastroeni, Santos Lucianno**
  **and Village of Montebello**
300 East 42nd Street, 18th Fl.
New York, New York 10017

LEWIS R. SILVERMAN, ESQ.
       Of Counsel


OFFICE OF TOWN ATTORNEY
TOWN OF RAMAPO
**Attorneys for Defendants**
  **Lieutenant Lampert and The Town**
  **of Ramapo**
237 Route 59
Suffern, New York 10901

MICHAEL SPECHT, ESQ.
       Of Counsel

*Copies Mailed to Counsel of Record*

**A P P E A R A N C E S :   (continued)**

                              BURKE, MIELE & GOLDEN, LLP
                              **Attorneys for Defendant**
                                 **Bradley Weidel**
                              100 Washington Avenue
                              P.O. Box 397
                              Suffern, New York  10901

MICHAEL K. BURKE, ESQ.

        Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Lydia B. Cotz, proceeding *pro se*, brings this suit against Debra Mastroeni, Santos Lucianno, Bradley Weidel, Lieutenant Lambert, f/n/u, individually and in his professional capacity, the Village of Montebello, and the Town of Ramapo (collectively "defendants") for violations of 42 U.S.C. § 1983, Americans with Disability Act, 42 U.S.C. § 12101, the New York Human Rights Law and common law claims of slander and defamation. Before this Court are plaintiff's objections pursuant to FED R. CIV. P. 72(a) to the May 9, 2006 oral ruling of Magistrate Judge George A. Yanthis denying plaintiff's request to file a supplemental complaint. For the reasons stated below, we decline to modify or set aside any portion of that order.

## DISCUSSION

Plaintiff urges this Court to permit her to file a supplemental complaint based on FED. R. CIV. P. 15(d), the alleged lack of prejudice to the defendants and in the interests of judicial economy. However, this Court was mindful of these considerations in the initial determination permitting plaintiff to submit a supplemental complaint at a conference held on April 5, 2006. In carefully considering these issues, we permitted her to file a supplemental complaint within one week, by April 12, 2006, which she failed to do. This case was referred to Judge Yanthis on April 28, 2006, after the expiration of the period provided to plaintiff to supplement her Amended Complaint. Plaintiff attempted to file a "Amendment to Amended Complaint" after the deadline provided, and the defendants objected.[1]

---

[1] The document is dated April 18, 2006. It was stamped "Received" by the Clerk's Office on April 28, 2006. A letter to plaintiff rejecting the document for filing was dated May 12, 2006.

1

We note that a magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a district court absent a finding that the determination was "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y. 1989); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525, *cert. denied*, 498 U.S. 846 (1990). As long as Judge Yanthis's ruling finds any reasonable support in the record, we will not overturn it. Here, plaintiff was given permission to file a supplemental complaint and failed to do so in a timely matter. She has stated various reasons for why she failed to comply with the deadline imposed. These were certainly considered by Judge Yanthis in determining whether plaintiff should be permitted to file her supplemental complaint. Plaintiff has failed to direct the Court to any evidence to suggest that Judge Yanthis's ruling was clearly erroneous. Therefore, under this deferential standard, we decline to alter or set aside Judge Yanthis's ruling.

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiff Lydia B. Cotz to set aside the ruling of Magistrate Judge George A. Yanthis is hereby denied.

SO ORDERED.

Dated: White Plains, New York
September 13, 2006

*William C. Conner*
Sr. United States District Judge

2